**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Brishauna Kelly,

Plaintiff

v.

LV Metropolitan Police Dept.

Defendant

Case No. 2:25-cv-00658-JAD-MDC

**Order Dismissing and Closing Case**

Plaintiff Brishauna Kelly filed this civil-rights action to redress constitutional violations that she claims she incurred during her arrest and subsequent detention in Clark County, Nevada. Her original complaint was screened and dismissed with leave to amend.[1] Her first amended complaint was also screened and dismissed with leave to amend.[2] On Kelly's motion, her deadline to file a second amended complaint was extended to October 26, 2026.[3] That order warns that "this action will be subject to dismissal if she fails to timely file an amended complaint."[4] That extended deadline passed weeks ago without any filing by Kelly.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a

---

[1] ECF No. 9.

[2] ECF No. 12.

[3] ECF No. 14.

[4] *Id*. at 1.

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

court order, or failure to comply with local rules.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of this case. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[9] and that warning was given here.[10] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file a second amended complaint. The Clerk of Court is

---

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[10] ECF Nos. 11, 13.

directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If the plaintiff wishes to pursue her claims, she must file a complaint in a new case.

Dated: November 20, 2026

U.S. District Judge Jennifer A. Dorsey